Filed 6/30/25  Marriage of Pesso CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of SAMANTHA MOLLY and ROSHAWN RAMON PESSO. | |
| | D084774 |
| SAMANTHA MOLLY PESSO, | |
| Appellant, | (Super. Ct. No. 24FL006518C) |
| v. | |
| ROSHAWN RAMON PESSO, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Leah Boucek, Temporary Judge.  Affirmed.

Samantha Molly Pesso, in pro. per., for Appellant.

No appearance for Respondent.

## I.  INTRODUCTION

Samantha Molly Pesso appeals the trial court's denial of her request for a domestic violence restraining order (Fam. Code, § 6200 et seq.) against

Roshawn Ramon Pesso.[1]  Because Samantha has not provided us with an appellate record sufficient to show error, we affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Samantha and Roshawn married in 2017 and have three children together.  In June 2024, Samantha filed for divorce.  A few weeks later, on July 2, 2024, Samantha filed a request for a domestic violence restraining order against Roshawn.  Samantha asserted in a supporting declaration that instances of "recent abuse" included Roshawn terminating their residential lease "behind [her] back" and "snatch[ing]" their two youngest children out of her arms during an argument.  Samantha described other instances of alleged abuse that occurred in February and March 2024.  Samantha did not request that the restraining order protect the children or include a removal order, stay-away order, no-contact order, or custody/visitation order.  The trial court issued a temporary restraining order (TRO) and set the matter for a further hearing.

The following month, the trial court held an evidentiary hearing on Samantha's request for a restraining order.  Samantha and Roshawn appeared at the hearing.  The hearing was not reported by a court reporter, but some of the court's findings and the court's ruling are documented in the court's minutes.  The court noted Samantha "made very limited allegations" and requested narrow relief.  The court also noted Roshawn "testified there has been a history of false allegations by [Samantha]."  After "hear[ing] from both parties," the court found that Samantha "did not meet her burden of proof by a preponderance of evidence [that] it is more likely than not that

---

[1]     For clarity, we will refer to the parties by their first names.

2

abuse occurred." Accordingly, the court dissolved the TRO and denied Samantha's request for a permanent restraining order.

Samantha appeals and is representing herself. Roshawn has not appeared in this appeal.[2]

## III. DISCUSSION

Samantha contends the trial court erred in denying her request for a restraining by failing to "consider the entire scope of evidence presented." Because Samantha challenges the trial court's assessment of the evidence, we review the court's ruling for substantial evidence, "meaning ' "whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted," supporting the trial court's finding.' " (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143.) Samantha has not provided an appellate record sufficient to show error under this standard.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order]. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the

2 Even though Roshawn has not appeared, we must still adjudicate Samantha's claims. (See *In re Bryce C.* (1995) 12 Cal.4th 226, 232–233 ["if the respondent fails to file a brief, the judgment [or order] is not automatically reversed"]; *In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 111, fn. 1.)

burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)

"Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their own expense."  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 (*Foust*); see *Jameson*, *supra*, 5 Cal.5th at p. 608.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence."  (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*); accord, *Robinson v. Gutierrez* (2023) 98 Cal.App.5th 278, 283; Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2024) ¶8:47.)

These rules of appellate procedure apply whether an appellant is represented by counsel or is self-represented.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125–1126.)

Samantha did not provide us with a reporter's transcript of the evidentiary hearing.  Consequently, we conclusively presume the testimony at the hearing supported the trial court's factual finding that Samantha failed to show that abuse occurred.  (See *Fain*, *supra*, 75 Cal.App.4th at p. 992.)  Samantha therefore has not met her burden as the appellant to show the trial court erred.

Samantha maintains she met her burden of proof at the hearing because she substantiated her claims of abuse in a declaration, whereas Roshawn "only verbally claimed the events were untrue." But "[c]redibility is an issue of fact for the finder of fact to resolve [citation], and the testimony of a single witness, even that of a party, is sufficient to provide substantial evidence to support a finding of fact." (*Doe v. Regents of University of California* (2016) 5 Cal.App.5th 1055, 1074; see *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) It is not our role to reweigh the evidence or reevaluate the trial court's credibility determinations. (*Foust, supra,* 198 Cal.App.4th at p. 188.)

Samantha also asserts that the trial court's minutes "stated that [she] was more than likely to be abused." This misreads the record. The minutes state that Samantha "did *not* meet her burden of proof by a preponderance of evidence [that] it is more likely than not that abuse occurred." (Italics added.)

Accordingly, Samantha has not met her burden as the appellant to show that the trial court erred in denying her request for a permanent restraining order.

## IV.  DISPOSITION

The order is affirmed.

RUBIN, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.